Citation Nr: 1725271 
Decision Date: 06/26/17 Archive Date: 07/18/17

DOCKET NO. 10-35 209 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Milwaukee, Wisconsin


THE ISSUE

Entitlement to death and indemnity compensation (DIC) benefits under 38 U.S.C.A. § 1151 for the cause of the Veteran's death. 


REPRESENTATION

Appellant represented by: N. Cade, Esq. 


WITNESSES AT HEARING ON APPEAL

Appellant, Appellant's son, J. F., N. C. 



ATTORNEY FOR THE BOARD

J. T. Sprague, Counsel


INTRODUCTION

The Veteran had active service in the United States Army from August 1966 to August 1968. He died in 2007, and the appellant was the custodian of the Veteran's child who, at the time of the Veteran's death and the filing of the claim, was a minor. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a March 2009 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Milwaukee, Wisconsin. The claim was remanded in October 2015 for a videoconference hearing, and it was dispatched in June 2016 to an expert with the Veterans Health Administration (VHA) for a medical opinion. For reasons discussed in detail below, the claim is again being remanded to the RO. 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

The appellant, on behalf of the son of the Veteran contends that the Veteran died as a consequence of VA care. Through her attorney, she has submitted evidence and argument since the last supplemental statement of the case (SSOC) was issued, and representation clarification has occurred (appellant is solely represented by a private attorney). In a May 2017 correspondence, she asked that the claim be remanded so that evidence submitted since the last SSOC be reviewed by the AOJ in the first instance. The Board will accordingly dispatch the claim to the RO for adjudication. 

Accordingly, the case is REMANDED for the following action:

Dispatch the claims file to the RO so that the claim for entitlement to DIC benefits pursuant to 38 U.S.C.A. § 1151 can be re-adjudicated. Inform the Veteran of her right to submit any additional evidence which may tend to support the claim on behalf of her then-minor child, and should any additional records be identified, VA should make all reasonable efforts to obtain them. Following the obtaining of new evidence and a consideration of all evidence received since the last supplemental statement of the case was issued, re-adjudicate the claim on a de novo basis. Should the claim remain denied, issue an appropriate supplemental statement of the case and return the claim to the Board for adjudication. 

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

 (CONTINUED ON NEXT PAGE)







This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
Vito A. Clementi
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).